Mr. Joseph F. Dolan Executive Director Department of Revenue 1375 Sherman Street Denver, Colorado 80203
Dear Mr. Dolan:
This is in reply to your request for an attorney general's opinion on the following:
On July 9, 1971, a former director of revenue issued a written statement, entitled "Final Determination, DD-279," allowing Johns-Manville Corporation to file consolidation returns with Colorado, use the two-factor formula and, allocate its income, interest and dividends in a specific manner.
This determination was issued after a hearing with the director wherein it was set forth that Johns-Manville was moving its corporate headquarters to Colorado and it desired a determination to set forth the manner in which it would file its Colorado corporate returns in the future, i.e., beginning with the year 1972.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Does the executive director, pursuant to 39-22-303(4), C.R.S. 1973 (138-1-37(4), C.R.S. 1963), have the authority to decide in advance what allocation formula is appropriate in a taxable year when a return has not yet been filed?
 The Colorado Income Tax Act makes no provision giving the executive director authority to decide in advance what formula would be appropriate in a taxable year when a return has not yet been filed.
2. Pursuant to 39-22-303(4), C.R.S. 1973, may the present executive director set aside or change the written determination made by a former director?
 Section 39-22-303(4) allows the executive director to exercise his discretion as to a method of reporting whenever a tax return appears to not properly reflect income derived from sources in Colorado. A prior written determination may therefore be changed or set aside.
3. Must the Department of Revenue give notice and hold a formal hearing before the prior written determination can be changed or set aside?
 Procedural due process requires notice and hearing before a written determination may be changed or set aside.
ANALYSIS
Regarding question #1, Section 39-22-303(4), C.R.S. 1973 reads as follows:
 In any case where it appears to the satisfaction of the executive director that the method of allocation or apportionment set forth in subsections (1) and (2) of this section does not properly reflect the amount of income derived from sources within Colorado or if for any reason it is determined that the provisions of subsection (1) of this section are inoperative for any reason, the executive director is authorized in his discretion to determine a method of allocation or apportionment fairly calculated to determine the net income derived from or attributable to sources within Colorado.
Section 39-21-103, C.R.S. 1973 sets forth the hearings procedure and states in part:
 (1) As soon as practicable after an income, gross ton-mile, passenger-mile, motor fuel, special fuel, cigarette, sales, or use tax return is filed, the executive director of the department of revenue shall examine it and shall determine the correct amount of tax. If the tax found due is greater than the amount theretofore assessed, a notice of deficiency shall be mailed to the taxpayer by certified mail.
 (8) Based on the evidence presented at such hearing . . . the executive director of the department of Revenue shall make a final determination . . . .
The only provision for a "final determination" is set forth in section 39-21-103 which states clearly and concisely that only after a return is filed, an assessment made and a hearing held, may the director make a final determination.
Section 39-22-303(4) speaks of "the amount of incomederived from sources in Colorado" which indicates an occurrence that has happened in the past.
Considering these sections together, it is concluded there is no provision by statute whereby the director may determine in advance the method a taxpayer must use to determine his Colorado income tax.
However, after the first Colorado income tax return was filed by Johns-Manville and accepted by the director as satisfactory as to method of allocation and apportionment, this issue became moot.
Regarding question #2, section 39-22-303(4) does not restrict the director to making a one-time decision nor does it prohibit him from changing or altering a previous decision.
The statute employs such words as "in any case" and "if for any reason" which signify a direction to the director to exercise his discretion at any time. The test appears to be whenever a tax return, in the discretion of the director, "does not properly reflect the amount of income derived from sources in Colorado."
UPRR v. Heckers, 181 Colo. 374, 509 P.2d 1255 involved a written agreement entered into in 1944 by the director of revenue and Union Pacific allowing deduction of property ad valorem taxes from Colorado net income to reach Colorado taxable income.
Without a change in the statute a subsequent director disallowed the practice set forth in the written agreement. The court said:
 The statute authorizes the method now employed by the director and the fact that earlier he used another method cannot be determinative here.
 . . . The Memorandum created no contractual responsibility and did not and could not provide for permanency of operation. Colo. Const. art. II, § 11, and art. X, § 9.
In conclusion, section 39-22-303(4), supra, does not prevent the present executive director from setting aside or changing a prior determination.
Regarding question #3, any action by the department must conform to the principle of procedural due process. To satisfy the requirements of due process the legislature has provided the Administrative Procedures Act.
SUMMARY
The decision of a former executive director of the department of revenue deciding in advance how a corporation should report its Colorado income may be changed by his successor after notice to the taxpayers and a hearing.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE PUBLIC HEARINGS PUBLIC OFFICERS DUE PROCESS
C.R.S. 1973, 39-22-303(4) C.R.S. 1973, 39-21-103
REVENUE, DEPT. OF Taxation, Div. of
The decision of a former executive director of the department of revenue deciding in advance how a corporation should report its Colorado income may be changed by his successor after notice to the taxpayers and a hearing.